**FILED**
June 05, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____PT_____
                 DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DOMINGO TAMAYO, JR.,** <br> **TDCJ No. 02228228,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL NO. SA-22-CV-01213-OLG |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Domingo Tamayo, Jr.'s Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 5), Respondent Bobby Lumpkin's Motion to Dismiss (Dkt. No. 8), and Petitioner's Reply (Dkt. No. 9) thereto. In his amended § 2254 petition, Petitioner challenges the constitutionality of his 2018 state court convictions for aggravated sexual assault of a child, arguing (1) his trial counsel rendered ineffective assistance by providing erroneous advice prior to his pleading guilty, (2) he was indicted twice in violation of his double jeopardy rights, (3) the evidence was legally insufficient to support the convictions, and (4) one of the three indictments was defective. In response, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

I. **Procedural History**

In October 2018, Petitioner plead guilty to three counts of aggravated sexual assault of a child and was sentenced to thirty years of imprisonment. *State v. Tamayo*, No. 2018CR0676 (186th Dist. Ct., Bexar Cnty., Tex. Oct. 11, 2018); (Dkt. No. 11-17 at 59–64). The Fourth Court of Appeals later dismissed Petitioner's direct appeal because he waived the right to appeal as part of the plea bargain agreement. *Tamayo, Jr. v. State*, No. 04-18-00894-CR, 2018 WL 6624373 (Tex. App.—San Antonio, Dec. 19, 2018); (Dkt. No. 11-3). Nevertheless, Petitioner filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals which was ultimately refused on June 19, 2019. *Tamayo, Jr. v. State*, No. PD-0074-19 (Tex. Crim. App.); (Dkt. No. 11-14).

Petitioner also challenged the constitutionality of his state court convictions by filing several state applications for habeas corpus relief. The first, filed October 8, 2019, was ultimately denied by the Texas Court of Criminal Appeals without written order on April 22, 2020. *Ex parte Tamayo, Jr.*, No. 91,098-01 (Tex. Crim. App.); (Dkt. Nos. 11-18, 11-27 at 20). Petitioner filed his second state habeas application on May 8, 2020, but the Texas Court of Criminal Appeals dismissed the application as a successive petition on August 12, 2020, citing Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. *Ex parte Tamayo, Jr.*, No. 91,098-02 (Tex. Crim. App.); (Dkt. Nos. 11-32, 11-39 at 20). Petitioner's third state application, filed February 7, 2022, was dismissed as noncompliant with the Texas Rules of Appellate Procedure on April 6, 2022. *Ex parte Tamayo, Jr.*, No. 91,098-03 (Tex. Crim. App.); (Dkt. Nos. 11-45, 11-48 at 19). And Petitioner's fourth state application, filed May 31, 2022, was dismissed as successive on July 20, 2022. *Ex parte Tamayo, Jr.*, No. 91,098-04 (Tex. Crim. App.); (Dkt. Nos. 11-52, 11-54 at 19).

Thereafter, Petitioner placed his original federal habeas petition in the prison mail system on October 27, 2022. (Dkt. No. 1 at 4). Petitioner later amended his federal petition on December

12, 2022. (Dkt. No. 5).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final September 17, 2019, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying state court convictions expired a year later on September 17, 2020. Because Petitioner did not file his original § 2254 petition until October 27, 2022—over two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.   Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional

3

right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the instant conviction by filing four *pro se* state habeas applications. Only the first two of Petitioner's state habeas application entitle him to tolling.

Petitioner's first application—filed on October 8, 2019, and later denied by the Texas Court of Criminal Appeals on April 22, 2020—tolled the limitations period for a total of 198 days, making Petitioner's federal petition due April 3, 2021. Petitioner's second application—filed May 8, 2020, and later dismissed as successive on August 12, 2020—tolled the limitations period another 97 days, making Petitioner's federal petition due July 9, 2021.[1] Again, Petitioner did not file the instant § 2254 petition until October 27, 2022, still over fifteen months too late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v.*

---

[1] Petitioner's third state application, dismissed in April 2022 as noncompliant, does not operate to toll the limitations period because it was not properly filed. Indeed, an improperly filed state habeas application has no effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). This application—as well as Petitioner's fourth application—also does not toll the limitations period because it was filed well after July 9, 2021, when Petitioner's limitations period for filing a federal petition had already expired. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

*Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

In his reply (Dkt. No. 9), Petitioner cites three reasons as a basis for equitable tolling: (1) lockdowns that occurred at his prison unit because of the COVID-19 pandemic, (2) intermittent unit transfers, and (3) the trial court's refusal to return his third state habeas application even though the application was noncompliant with the relevant rules. As discussed below, none of these provide a valid argument for equitably tolling the limitations period in this case.

1. <u>Pandemic Lockdowns</u>

Petitioner first cites lockdowns that occurred at his prison unit because of the COVID-19 pandemic as a basis for equitable tolling. (Dkt. No. 9 at 4–7). According to Petitioner, the lockdowns made it difficult to visit the prison library or access legal resources in order to adequately challenge his conviction. Indeed, the lack of access to a law library can in some circumstances toll the one-year limitations period. *See Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003). In order to toll the limitations period, however, the lack of library access must have *actually prevented* Petitioner from filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

While it is indisputable that the COVID-19 pandemic has caused disruptions, Petitioner fails to specify how it prevented him from timely filing his § 2254 petition. Indeed, Petitioner does not even allege any specific dates when his housing unit was locked down because of COVID-19; he simply asserts that the lockdown protocols in general affected his ability to access the law library and its limited legal materials. Yet, "the mere existence of the COVID-19 pandemic does

5

not, without more, constitute an 'extraordinary circumstance' warranting the application of equitable tolling." *Farley v. Dir., TDCJ-CID*, No. 4:21-CV-676, 2022 WL 2183305, at *3 (E.D. Tex. Apr. 20, 2022) (citing *Young v. Mississippi*, No. 3:20-CV-736-TSL-RPM, 2021 WL 4190646, at * 5 (S.D. Miss Aug. 6, 2021)).

Courts in this circuit have repeatedly found that delays caused by intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from actually filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling); *White v. Director*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not "actually prevent" petitioner from filing and thus was not constitute an extraordinary circumstance).[2]

In this case, Petitioner similarly presents no evidence that any intermittent lockdowns "actually prevented" him from filing a state or federal petition. *Krause*, 637 F.3d at 561. Rather, Petitioner's argument is simply that the lockdowns and intermittent library access made it difficult

---

[2] *See also See Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at **2–3 (N.D. Tex. Feb. 22, 2022), *report and recommendation adopted sub nom.*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (finding no evidence that diminished library access "actually prevented" petitioner from filing his federal petition; although it may have been more challenging for him to prepare the habeas petition and mail it, he did not establish that any pandemic-related circumstances prevented its filing); *Bradden v. Lumpkin*, No. 4:21-CV-126-O, 2021 WL 4866992, at *3 (N.D. Tex. Sept. 17, 2021) (finding access to some law library material—albeit on a limited and sometimes delayed basis due to the COVID-19 pandemic—and sporadic lockdowns were not grounds for equitable tolling); *United States v. Pizarro,* No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the security lockdowns constitute "extraordinary circumstances" or show that he diligently pursued his rights during the remaining portion of the limitations period).

to comply with the time limits. But § 2254 petitions do not require a petitioner to argue or cite case law; instead, he need only state his grounds for relief and identify specific facts supporting them. Further, Petitioner admits to having access to law library materials—albeit on a limited and sometimes delayed basis due to staff shortages and intermittent lockdowns—and concedes he was able to obtain legal materials from sources outside of his confinement as well. (Dkt. No. 9 at 5–7).

In sum, Petitioner presents no evidence that diminished access to the law library or to legal forms "actually prevented" him from filing his federal petition. Stated another way, he shows no causal link between any pandemic-related impediments—lockdowns and limited access to the law library and legal forms—and his inability to file the federal petition. While it may have been more challenging for him to prepare the habeas petition and mail it, he has not established that any pandemic-related circumstances prevented its filing. And as discussed by the numerous cases cited above, delays in accessing library materials do not constitute an "extraordinary circumstance" that ultimately prevent a petitioner from filing a timely federal petition. Thus, Petitioner does not present an adequate basis for equitable tolling.

2. Unit Transfers

Petitioner next alleges that unit transfers and his placement in administrative segregation for a month contributed to his filing delay. Petitioner does not contend that he lost legal materials in the transfers, and indeed admits he was able to conduct research in both of the facilities to which he was transferred. (Dkt. No. 9 at 7–8). More notably, Petitioner fails to explain how these events somehow prevented him from filing a § 2254 petition on time. "Absent evidence in the record," this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of

probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Accordingly, Petitioner fails to establish that his unit transfers qualify as an extraordinary circumstance warranting equitable tolling. *See Madis v. Edwards,* 347 F. App'x 106, 108 (5th Cir. 2009) (unpublished) (finding transfers between units, separation from legal materials, and administrative segregation are not rare or exceptional circumstances meriting equitable tolling).

      3.      <u>Noncompliance</u>

Lastly, Petitioner contends he is entitled to equitable tolling because the state habeas trial court created the noncompliance of his third state habeas application, filed in February 2022, by erroneously accepting the application instead of returning it to him as required under Tex. R. App. Proc. 73.1. (Dkt. No. 9 at 8–9). But it was Petitioner's *own action* of filing a noncompliant application—rather than any action taken by the state habeas court—that ultimately resulted in his application being dismissed. *Jones v. Lumpkin*, 22 F.4th 486, 491 (5th Cir. 2022) (finding petitioner's "failure to comply with state procedural law or general ignorance of the law do not qualify as extraordinary circumstances for purposes of equitable tolling"); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (affirming denial of equitable tolling where petitioner's own action prevented him from asserting his rights).

Moreover, even if the state habeas court had immediately returned the application to Petitioner, it still would have no impact on Petitioner's untimeliness in federal court because the deadline to file a federal petition had expired in July 2021, well before Petitioner filed his third state habeas application. As such, Petitioner has not met his burden of demonstrating that a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, and equitable tolling does not apply. *Id.*; *see also Jones v. Stephens*, 541 F. App'x 499,

503–05 (5th Cir. 2013) (unpublished) (finding state court's failure to timely inform petitioner his state habeas application was improperly filed under Tex. R. App. Proc. 73.1 did not constitute an extraordinary circumstance warranting equitable tolling).

4. Diligence

Regardless, a prerequisite to the application of equitable tolling is a showing that the petitioner has diligently pursued § 2254 relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A petitioner who closely misses the limitations period may be denied equitable tolling if he previously had ample time to pursue federal relief but failed to utilize it. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). In this case, Petitioner inexplicably choose to file three more state habeas applications (two successive, one non-compliant) after his first state application was denied on the merits instead of filing a federal petition. Because he did not exercise diligence in pursuing habeas relief, equitable tolling is unwarranted. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

Consequently, even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated that he has been pursuing his rights diligently, much less that "extraordinary circumstances" prevented his timely filing. Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a

9

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack,* 529 U.S. at 484).  A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by over fifteen months and provided no reasonable justification for the application of tolling.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief.  A COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's amended § 2254 petition (Dkt. No. 5) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss (Dkt. No. 8) is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and Petitioner Domingo Tamayo, Jr.'s Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 5) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this   5th   day of June, 2023.

_____
ORLANDO L. GARCIA
United States District Judge